UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

RAFAEL MARTINEZ-AGUILAR,  )
                          )
        Petitioner,       )
                          )   No. 3:14-CV-55-ART-HAI
v.                        )
                          )   RECOMMENDED DISPOSITION
COMMONWEALTH OF KENTUCKY, )
                          )
        Respondent.       )
                          )
                          )

\*\*\* \*\*\* \*\*\* \*\*\*

On July 20, 2014,[1] pro se Petitioner Rafael Martinez-Aguilar filed a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. D.E. 1. Pursuant to local practice and 28 U.S.C. § 636(b)(1)(B), this matter was referred to the undersigned for a recommended disposition. After conducting a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, the Court found the petition to be procedurally improper. D.E. 2. To wit, Petitioner did not name the state officer who has custody of him as required by Rule 2(a). *Id*. at 1. Moreover, the Court expressed uncertainty as to whether Petitioner had exhausted his state-court remedies as required by 28 U.S.C. § 2254(b). Therefore, on July 25, 2014, the Court entered an Order requiring Petitioner to show cause, if any, why his Petition should not be dismissed without prejudice for failure to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b) and warned that a failure to comply would result in a recommendation of dismissal. *Id*

---

[1] Although Petitioner's Petition was not docketed by the Clerk until July 24, 2014, Petitioner declared under penalty of perjury that he placed the petition in the prison's mailing system on July 20, 2014. D.E. 1 at 15. Thus, the Court treats the petition as having been filed on July 20, 2014. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (citing *Houston v. Lack*, 487 U.S. 266, 270–72 (1988)).

at 2. Although Petitioner's response was due by August 25, 2014, he has failed to respond to the Court's Order.

Rule 4 of the Rules Governing Section 2254 cases specifically instructs trial courts that "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases.

Under section 2254(b),

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that- -
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B)
>>> (i) there is an absence of available State corrective process; or
>>>
>>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Wilson v. Mitchell*, 498 F.3d 491, 498-99 (6th Cir. 2007) (citing *Lott v. Coyle*, 261 F.3d 594, 601 (6th Cir. 2001)) (internal quotation marks omitted).

Petitioner's Petition indicates that he did not file a direct appeal in the Kentucky state courts, nor has he filed a motion for habeas relief in the Kentucky state courts. D.E. 1. Accordingly, Petitioner's claims have not been presented to the highest court in the state of Kentucky, and therefore are all unexhausted.[2]

---

[2] Ky. R. Crim. P. 11.42(10) provides that a collateral motion to vacate, set aside or correct sentence "shall be filed within three years after the judgment becomes final." According to Petitioner's petition, the final judgment in this

Accordingly, the undersigned **RECOMMENDS** that the Petition (D.E. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b).

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 18th day of September, 2014.

Signed By:
Hanly A. Ingram
United States Magistrate Judge

---

matter was entered on April 21, 2014. (D.E. 1). Therefore it is possible for Petitioner to proceed under Ky. R. Crim. P 11.42 in the state courts at this point.